1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SCOTT JOHNSON,                              No. 2:14-cv-1942-KJM-KJN

12              Plaintiff,

13        v.                                      ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
14    MATEO DEVELOPMENT, LLC, et al.,

15              Defendants.

16

17    INTRODUCTION

18            Presently pending before the court is plaintiff Scott Johnson's motion for default judgment

19    against defendants Mateo Development, LLC ("Mateo") and PKT Market, Inc. ("PKT"), who are

20    the only named defendants in this action.  (ECF No. 11.)  After defendants failed to file an

21    opposition to the motion in accordance with Local Rule 230(c), the motion was submitted on the

22    record and written briefing pursuant to Local Rule 230(g).  (ECF No. 14.)

23            For the reasons discussed below, the court now recommends that plaintiff's motion for

24    default judgment be GRANTED IN PART on the terms outlined below.

25    BACKGROUND

26            Plaintiff initiated this action on August 21, 2014, alleging violations of the Americans

27    with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"); California's Unruh Civil

28    Rights Act, Cal. Civ. Code §§ 51 et seq.; the California Disabled Persons Act, Cal. Civ. Code §§

54 et seq.; as well as a negligence claim.  (See generally Complaint, ECF No. 1 ["Compl."].)

Plaintiff, a level C-5 quadriplegic who cannot walk, has significant manual dexterity impairments, and uses a wheelchair and a specially-equipped van, alleged that defendants own, operate, and/or lease a business establishment and place of public accommodation known as Skyway Market, which is located at 3141 N Wilson Way in Stockton, California.  (Compl. ¶¶ 1-3, 7.) According to plaintiff, he visited, and made purchases at, the Skyway Market on three different occasions in 2014, and encountered the following architectural barriers to access at the establishment in violation of the ADA and the ADA Accessibility Guidelines: no accessible handicap parking space (handicap parking spaces/signage and access aisle signage were allegedly faded to oblivion) and no accessible transaction counter (transaction counter was allegedly 50 inches in height with no lowered, 36 inch portion of the counter for use by persons in wheelchairs).  (Id. ¶¶ 8-12, 15-17.)  Plaintiff alleged that he frequently visits the Stockton area, and that he had been deterred from patronizing the Skyway Market on several other occasions in 2014 because of his knowledge of the above-mentioned barriers.  (Id. ¶ 11.)  Plaintiff further alleged that defendants had the means and ability to remove the barriers.  (Id. ¶ 13.)  Plaintiff's complaint sought inter alia injunctive relief; statutory damages; and attorneys' fees, litigation expenses, and costs of suit.  (Id. at 7-8.)

Proofs of service filed in the record reflect that plaintiff, through a process server, effectuated service of process on PKT by serving PKT's agent for service of process on August 22, 2014, and on Mateo by serving Mateo's agent for service of process on August 24, 2014. (ECF Nos. 4, 5.)  See Fed. R. Civ. P. 4(h); Cal. Civ. Proc. Code § 416.10.

On September 30, 2014, plaintiff requested that the Clerk of Court enter default against defendants Mateo and PKT, and on October 1, 2014, the Clerk of Court entered their default. (ECF No. 6, 7, 8.)  The instant motion for default judgment followed.  (ECF No. 11.)

Plaintiff's motion for default judgment seeks injunctive relief for removal of unlawful architectural barriers pursuant to the ADA; statutory damages pursuant to California's Unruh Civil Rights Act; and attorneys' fees and costs pursuant to the ADA and California's Unruh Civil

////

1 | Rights Act.[1]

2 | <u>LEGAL STANDARDS</u>

3 |   Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

4 | against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

5 | against the action.  <u>See</u> Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

6 | automatically entitle the plaintiff to a court-ordered judgment."  <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>,

7 | 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing <u>Draper v. Coombs</u>, 792 F.2d 915, 924-25

8 | (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies

9 | within the district court's sound discretion.  <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir.

10 | 1980).  In making this determination, the court considers the following factors:

11 |
12 |     (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a
13 | dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the
14 | Federal Rules of Civil Procedure favoring decisions on the merits.

15 | <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily

16 | disfavored.  <u>Id.</u> at 1472.

17 |   As a general rule, once default is entered, well-pleaded factual allegations in the operative

18 | complaint are taken as true, except for those allegations relating to damages.  <u>TeleVideo Sys., Inc.</u>

19 | <u>v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing <u>Geddes v. United Fin.</u>

20 | <u>Group</u>, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); <u>accord</u> <u>Fair Housing of Marin v. Combs</u>,

21 | 285 F.3d 899, 906 (9th Cir. 2002).  In addition, although well-pleaded allegations in the

22 | complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the

23 | pleadings, and claims which are legally insufficient, are not established by default."  <u>Cripps v.</u>

24 | <u>Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing <u>Danning v. Lavine</u>, 572 F.2d

25 | 1386, 1388 (9th Cir. 1978)); <u>accord</u> <u>DIRECTV, Inc. v. Hoa Huynh</u>, 503 F.3d 847, 854 (9th Cir.

26 |

27 |
28 | [1] Plaintiff's motion does not seek any relief based on his claim for violation of the California Disabled Persons Act or his negligence claim.  As such, the court does not evaluate those claims in resolving plaintiff's motion.

1   2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law);

2   Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not

3   be entered on a legally insufficient claim").  A party's default does not establish the amount of

4   damages.  Geddes, 559 F.2d at 560.

5   DISCUSSION

6          Appropriateness of the Entry of Default Judgment Under the Eitel Factors

7                1.      *Factor One: Possibility of Prejudice to Plaintiff*

8                The first Eitel factor considers whether the plaintiff would suffer prejudice if

9   default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of

10  granting a default judgment.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, plaintiff would

11  potentially face prejudice if the court did not enter a default judgment.  Absent entry of a default

12  judgment, plaintiff would be without another recourse against defendants.  Accordingly, the first

13  Eitel factor favors the entry of a default judgment.

14               2.      *Factors Two and Three: The Merits of Plaintiff's Substantive Claims and*

15  *the Sufficiency of the Complaint*

16               The court considers the merits of plaintiff's substantive claims and the sufficiency of the

17  complaint together below because of the relatedness of the two inquiries.  The court must

18  consider whether the allegations in the complaint are sufficient to state a claim that supports the

19  relief sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

20                      a.      ADA

21               Title III of the ADA provides that "[n]o individual shall be discriminated against on the

22  basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

23  advantages, or accommodations of any place of public accommodation by any person who owns,

24  leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

25  Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . .

26  where such removal is readily achievable."  Id. § 12182(b)(2)(A)(iv); see also Chapman v. Pier 1

27  Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (en banc).  The ADA defines the term

28  "readily achievable" as "easily accomplishable and able to be carried out without much difficulty

4

1   or expense." 42 U.S.C. § 12181(9).

2          "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she]

3   is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases,

4   or operates a place of public accommodation; and (3) the plaintiff was denied public

5   accommodations by the defendant because of [his or her] disability." Molski v. M.J. Cable, Inc.,

6   481 F.3d 724, 730 (9th Cir. 2007).  Furthermore, "[t]o succeed on a ADA claim of discrimination

7   on account of one's disability due to an architectural barrier, the plaintiff must also prove that:

8   (1) the existing facility at the defendant's place of business presents an architectural barrier

9   prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L &

10  L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000); accord Hubbard v. 7-Eleven, Inc.,

11  433 F. Supp. 2d 1134, 1138 (S.D. Cal. 2006).

12         Here, plaintiff's complaint alleges that:  (1) he is disabled (see Compl. ¶ 1); (2) defendants

13  Mateo and PKT own, lease, and/or operate the Skyway Market, which is a place of public

14  accommodation (id. ¶¶ 2-3, 7); (3) plaintiff was denied full and equal access to Skyway Market's

15  facilities, privileges, and accommodations because of plaintiff's disability (id. ¶¶ 8, 11-12); (4)

16  Skyway Market contains specified architectural barriers – lack of an accessible handicap parking

17  space and lack of an accessible transaction counter – in violation of the ADA (id. ¶¶ 9-10, 14-18);

18  and (5) defendants had the means and ability to remove such barriers (id. ¶ 13).  Because

19  plaintiff's allegations are taken as true following the entry of default, the court concludes that

20  plaintiff has met his burden to state a prima facie Title III discrimination claim.

21                              b.      Unruh Civil Rights Act

22         The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are

23  free and equal, and no matter what their sex, race, color, religion, ancestry, national origin,

24  disability, medical condition, genetic information, marital status, or sexual orientation are entitled

25  to the full and equal accommodations, advantages, facilities, privileges, or services in all business

26  establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).  As expressly provided by

27  statute, a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act.  Cal.

28  Civ. Code § 51(f); see also Munson v. Del Taco, Inc., 46 Cal. 4th 661, 664-65 (2009).  Here,

1    because plaintiff's complaint properly alleges a prima facie claim under the ADA, plaintiff has

2    also properly alleged facts supporting a claim under the Unruh Civil Rights Act.

3            Accordingly, the second and third Eitel factors favor the entry of a default judgment.

4                    3.      *Factor Four: The Sum of Money at Stake in the Action*

5            Under the fourth factor cited in Eitel, "the court must consider the amount of money at

6    stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at

7    1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D.

8    Cal. 2003).  In this case, plaintiff seeks injunctive relief; statutory damages under the Unruh Civil

9    Rights Act corresponding to two (2) obstructed visits to the Skyway Market ($4,000.00 minimum

10   statutory damages per visit, for a total amount of $8,000.00); and attorneys' fees and costs in the

11   amount of $3,925.00.  Although the court more closely scrutinizes the requested statutory

12   damages, attorneys' fees, and costs below, the court does not find the overall sum of money at

13   stake to be so large or excessive as to militate against the entry of default judgment, particularly

14   when reduced for the reasons discussed below.  Under these circumstances, the court concludes

15   that this factor favors the entry of a default judgment.

16                   4.      *Factor Five: The Possibility of a Dispute Concerning Material Facts*

17           The facts of this case are relatively straightforward, and the court may assume the truth of

18   well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default.

19   Thus, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra

20   Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in

21   a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is

22   no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219

23   F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.  As such, the court concludes that the fifth

24   Eitel factor favors a default judgment.

25                   5.      *Factor Six: Whether the Default Was Due to Excusable Neglect*

26           In this case, there is no indication in the record that defendants' default was due to

27   excusable neglect.  Despite having been properly served with plaintiff's complaint, the requests

28   for entry of default, and the instant motion for default judgment, defendants failed to appear in the

                                                6

1    action.  (ECF Nos. 4, 5, 6-2, 7-2, 11-14.)  Thus, the record suggests that defendants have chosen

2    not to defend themselves in this action, and that the default did not result from excusable neglect.

3    Accordingly, this <u>Eitel</u> factor favors the entry of a default judgment.

4              6.        *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil*

5    *Procedure Favoring Decisions on the Merits*

6              "Cases should be decided upon their merits whenever reasonably possible."  <u>Eitel</u>, 782

7    F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

8    alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

9    <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177; <u>see also</u> <u>Craigslist, Inc. v. Naturemarket, Inc.</u>, 694 F.

10   Supp. 2d 1039, 1061 (N.D. Cal. 2010).  Accordingly, although the court is cognizant of the policy

11   in favor of decisions on the merits—and consistent with existing policy would prefer that this

12   case be resolved on the merits—that policy does not, by itself, preclude the entry of default

13   judgment.

14             In sum, upon consideration of all the <u>Eitel</u> factors, the court concludes that plaintiff is

15   entitled to a default judgment against defendants Mateo and PKT, and recommends that such a

16   default judgment be entered.  All that remains is a determination of the specific relief to which

17   plaintiff is entitled.

18             <u>Terms of the Judgment to Be Entered</u>

19             After determining that a party is entitled to entry of default judgment, the court must

20   determine the terms of the judgment to be entered.

21             Because plaintiff satisfactorily alleged his ADA claim, the court recommends that plaintiff

22   be granted injunctive relief, as described below, to remedy the architectural barriers at issue –

23   lack of an accessible handicap parking space and lack of an accessible transaction counter.

24             Plaintiff also requests statutory damages in the amount of $8,000.00, which corresponds to

25   two (2) obstructed visits to the Skyway Market ($4,000.00 minimum statutory damages per visit).

26   Although Cal. Civ. Code § 52(a) may permit a plaintiff to obtain the minimum statutory damages

27   for each obstructed visit to a facility, a plaintiff cannot simply visit a facility more often to

28   increase the amount of potential statutory damages.  In this case, plaintiff made no showing as to

1    why he continued to return to the Skyway Market after encountering the above-mentioned

2    architectural barriers during his first visit.  For example, plaintiff has not shown that he lives or

3    works in the proximity of Skyway Market, making it particularly convenient for plaintiff to

4    patronize that facility as opposed to the scores of other convenience stores in Stockton; nor has

5    plaintiff shown that Skyway Market offers particularly unique goods not offered by other

6    convenience stores in Stockton.  Plaintiff also did not allege that he returned to the Skyway

7    Market after having received good faith assurances from Skyway Market representatives that the

8    architectural barriers would be removed.  In light of these deficiencies, as well as the judicially

9    noticed fact that plaintiff has filed numerous disability access lawsuits in this district against

10   businesses located in different parts of the Northern California region, therefore potentially

11   indicating that multiple visits may have been merely to increase alleged damages rather than out

12   of necessity, the court recommends that plaintiff only be awarded minimum statutory damages

13   corresponding to one (1) visit to the Skyway Market, i.e., $4,000.00.

14          Finally, plaintiff requests attorneys' fees and costs.  The statutes at issue specifically

15   contemplate the award of attorneys' fees and costs.  See 42 U.S.C. § 12205; Cal. Civ. Code §

16   52(a).  Thus, the only issue is whether the requested amount of attorneys' fees and costs

17   ($3,925.00) is reasonable.

18          Plaintiff requests $440.00 in filing fees and service costs, which are reasonable and

19   should be awarded.  (ECF No. 11-4, ¶ 5.)

20          Plaintiff further indicates that plaintiff's counsel, Mark Potter, a partner at the Center for

21   Disability Access, who has been in practice for about 20 years with a practice dedicated

22   exclusively to disability-related issues, spent 8.2 hours on this case, billing at an hourly rate of

23   $425.00, for a lodestar amount of $3,485.00 in attorneys' fees.  (ECF No. 11-4, ¶¶ 5-6.)

24   Although the number of hours spent on the case appears reasonable, the court finds Mr. Potter's

25   hourly rate of $425.00 to be excessive in light of prevailing market rates in the Sacramento

26   Division of the Eastern District of California.  Notably, another judge in this district recently

27   determined that an hourly rate of $300.00 was appropriate for plaintiff's counsel, as a partner with

28   significant experience and expertise, in a routine disability access case.  See Johnson v. Wayside

8

1    Property, Inc. et al., 2:13-cv-1610-WBS-AC, ECF No. 32.  The court finds Wayside Property to

2    be persuasive, because it is a recent, comparable case from this district and involved a careful

3    consideration of prevailing market rates for routine disability access cases in the Sacramento

4    Division of the Eastern District of California.  By contrast, plaintiff's reliance on fee awards in

5    the Central and Southern Districts of California, as well as certain California state courts, is

6    misplaced, because those fee awards are not instructive with respect to prevailing market rates in

7    this federal district.  Instead, the court here likewise concludes that an hourly rate of $300.00 is

8    appropriate, resulting in a fee award of $2,460.00.

9    CONCLUSION

10           For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

11           1.      Plaintiff's motion for default judgment (ECF No. 11) be GRANTED IN PART.

12           2.      Judgment be entered in plaintiff's favor and against the following defendants:

13   Mateo Development, LLC and PKT Market, Inc.

14           3.      Plaintiff be awarded statutory damages in the amount of $4,000.00.

15           4.      Plaintiff be awarded attorneys' fees and costs in the amount of $2,900.00.

16           5.      Plaintiff be granted an injunction requiring defendants to provide readily

17   achievable property alterations in the form of accessible handicap parking and an accessible

18   transaction counter at the Skyway Market, located at 3141 N Wilson Way in Stockton, California,

19   in compliance with the ADA and the ADA Accessibility Guidelines.

20           6.      The Clerk of Court be directed to vacate all dates and close this case.

21           IT IS ALSO HEREBY ORDERED that plaintiff shall forthwith serve copies of this order

22   and findings and recommendations on defendants by U.S. mail at their last-known addresses.

23           These findings and recommendations are submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

25   days after being served with these findings and recommendations, any party may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

27   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

28   shall be served on all parties and filed with the court within fourteen (14) days after service of the

1   objections.  The parties are advised that failure to file objections within the specified time may

2   waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

3   Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

4          IT IS SO ORDERED AND RECOMMENDED.

5   Dated:  January 8, 2015

6

7                                             KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28